### George Edmanson
### v.
### A. H. Andrews & Co.

*Practice—Leading Questions—Identity—*Prima Facie *Evidence of.*

1. A general objection is not enough to raise the point that a question is leading.

2. That one at the office of a party to a suit is pointed out as the party himself, is *prima facie* evidence of identity.

[Opinion filed January 22, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. YOUNG & MAKEEL, for appellant.

Messrs. CRATTY Bros. & ASHCRAFT, for appellee.

GARY, P. J. This is one of the numerous class of cases in which the verdict of a jury is final; conflicting evidence, and no error in law.

The first matter complained of in the brief of the appellant, is, that the court asked a witness for the appellees who testified to a conversation with one whom he supposed to be the appellant, in the office of the appellant, " Was he pointed out to you there as being Mr. Edmanson?" To which the witness replied, " Yes, I believe they told me that was Mr. Edmanson."

It might be enough to say that the record shows no exception taken to this matter; and the witness further identified, not absolutely, but to the best of his belief, the appellant in court, as the person with whom he conversed. The question was, however, only objectionable as being leading; the testimony was competent. 2 Ph. Ev. Cow & H. 509, side p.

A couple of leading questions were also objected to generally and exceptions taken. If that testimony had been important, which it was not, a general objection is not enough to raise the point that the questions were leading. Nat. Bk. v. Dunbar, 118 Ill. 625.

There is no error and the judgment is affirmed.

                                        *Judgment affirmed.*