## North Chicago St. R. R. Co. v. Thomas J. Balhatchett.

1. EVIDENCE—*Leading Questions.*—The plaintiff having been injured while a passenger on a street car, the question asked a physician, called as a witness, whether or not he discovered any swelling upon the back of plaintiff's head on the day succeeding that of the injury, was not objectionable as being leading and suggestive.

2. SAME—*Objections Must Be Specifically Made.*—The objection that a question is leading must always be specifically made.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 19, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

MUNSON T. CASE and GEORGE WILLARD, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee was a passenger upon one of appellant's street cars, and sued to recover for an alleged injury to his person while being carried as such.

The theory of the defense by appellant, under its plea of the general issue, as disclosed by the evidence, was (1) unavoidable accident, and (2) that appellee sustained no material injury. According to the testimony of appellee, he was sitting when the car was run into, and his head was thrown backward against the partition between the two windows behind him, causing a swelling, about the size of a goose egg, to come upon the back of his head, and such swelling remained for two or three days, when the acute condition of swelling passed away.

This swelling was the only objective symptom of injury received by the appellee, so far as appears from the evidence, and appellee was himself a physician. All else were subjective symptoms. One Dr. Washburne attended appellee and made an examination of his person the day following that of the injury. This doctor was called as a witness by appellant for the purpose of contradicting the testimony of appellee as to the character and extent of his injury.

Next following his statement that he visited and examined appellee the day succeeding that of the injury, the witness was asked the following question:

"State whether or not, Doctor, at that time, you discovered any swelling upon the back of Dr. Balhatchett's head?"

The question was objected to and ruled out, upon the ground that it was leading and suggestive. Thereupon, this question was put to the witness:

"Was there any swelling at that time upon the back of Dr. Balhatchett's head?"

A merely general objection was interposed and sustained to the question last put, and the witness testified no further, except in answer to some usual preliminary questions that had preceded those objected to.

The first question was not a leading one. It was no more suggestive of a negative than of an affirmative answer. It

was a mere calling the mind of the witness to the subject of inquiry. McDonald v. Ill. C. R. R. Co., 88 Iowa, 345; Spear v. Richardson, 37 N. H. 23.

The objection to the second question upon the ground that it was leading and suggestive, might, perhaps, have been well made, but it was not made or ruled out upon that ground, and the objection that a question is leading must always be specifically made. First National Bank v. Dunbar, 118 Ill. 625; Edmanson v. Andrews, 35 Ill. App. 223.

The subject inquired concerning was material to the defense, for the question, if answered in the negative, would have tended directly to contradict the appellee upon the only material subject concerning which he had testified, that was susceptible of positive contradiction—that of the objective symptoms of his injuries.

Appellee makes the point that though the ruling may have been incorrect, it should have been made to appear that if the answer had been allowed it would have been favorable to appellee, by an offer to show what was expected to be proved by it. It is perfectly plain from the record what the object of the question was, and what answer was hoped for, though the answer was not suggested, and the reason for the rule contended for by appellee does not, therefore, exist.

For error in ruling out the offered testimony the judgment is reversed and the cause remanded.