(No. 13166.—Reversed and remanded.)

MARTHA M. LOGAN, Defendant in Error, *vs.* THE MUTUAL LIFE INSURANCE· COMPANY OF NEW YORK, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. PRACTICE—*when objection that defendant's evidence cannot be considered comes too late· in Appellate Court.* Where the plaintiff makes only a general objection to the defendant's evidence at the trial, cross-examines the defendant's witnesses and introduces testimony and obtains a judgment in her favor, she cannot insist in the Appellate Court that the defendant's evidence cannot be considered because no verified plea was filed setting up the defense to which the evidence relates, especially where she has assigned no cross-errors in that court.

2. SAME—*what objections must be specifically made at trial—waiver.* Objections which are of a character to be cured or obviated by amendment must be specifically made at the trial and if not so made are waived.·

3. APPEALS AND ERRORS—*Supreme Court may examine Appellate Court's opinion for reasons upon which judgment is based.* While error cannot be assigned in the Supreme Court on the opinion of the Appellate Court, the Supreme Court may examine the opinion to determine the reasons for the decision and judgment of the Appellate Court.

4. SAME—*when a cause will be remanded to Appellate Court to consider proper assignments of error.* Where the Appellate Court does not consider or pass upon meritorious questions properly raised by assignments of error, its judgment, erroneously based upon the theory that such questions are not before it, will be reversed and the cause will be remanded with directions to consider such questions.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding.

WINSTON, STRAWN & SHAW, and J. L. McLAUGHLIN, (SILAS H. STRAWN, JAMES H. WINSTON, and WILLIAM L. PATTON, of counsel,) for plaintiff in error.

WALTER H. MILLS, and JOHN R. FITZGERALD, (MILLS BROS., WHITNEY & FITZGERALD, and JOHN A. WALGREN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought by plaintiff, Martha M. Logan, to recover on a contract of insurance alleged to have been entered into between plaintiff's husband and defendant, the Mutual Life Insurance Company of New York, and evidenced by a life insurance policy on the life of plaintiff's husband in the amount of $10,000. The declaration was in appropriate form and set out a copy of the policy sued on, which, it is alleged, was executed January 15, 1917, delivered to the insured, and that he died January 20, 1917. The declaration alleged proofs of the death were made to defendant and that it refused to pay the policy. To the declaration defendant pleaded (1) the general issue; (2) that defendant was not liable because the policy was never delivered and never became binding upon it; (3) that the application for the insurance was made by the insured upon the express understanding that it should not bind the insured to accept the policy; (4) that the policy never went into effect. Plaintiff joined issue on the first plea (general issue) and demurred to the three special pleas, assigning as special causes of demurrer that the matters of defense alleged in the second, third and fourth pleas, if admissible, would be admissible under the general issue. The court sustained the demurrer and the cause went to trial on issue joined on the plea of general issue. The jury returned a verdict for the plaintiff for $10,855.54, being the face of the policy and interest, upon which the court rendered judgment. Defendant appealed to the Appellate Court for the Third District, where the judgment was affirmed. A petition for writ of *certiorari* was allowed by this court and the case is brought here for review.

The defense relied upon by defendant and set up in its special pleas, to which demurrers were sustained, was, that the application for insurance by plaintiff's husband and the medical examination were made under the express understanding and agreement that the insured was not obligated to take the policy but it was given to him by defendant's agent solely for inspection, and the death of the insured occurred before the contract was completed by his acceptance of the policy. . There was no verified plea denying the execution and delivery of the policy. The trial court permitted the defendant to introduce its evidence in support of its defense, over plaintiff's objections. The Appellate Court, as disclosed by its opinion, to which we may look for the reasons for its decision and judgment, held the proof was not admissible and should not have been admitted by the trial court, because the execution and delivery of the policy were not denied by a verified plea. That evidence was not, therefore, considered by the Appellate Court in arriving at its conclusion. This, it is urged, was erroneous, and it is claimed defendant's evidence should have been considered by the Appellate Court notwithstanding there was no verified plea, because, it is contended, plaintiff waived the objection that no verified plea was on file by offering evidence on the issue of delivery, by failing to object to defendant's testimony on that specific ground, cross-examining defendant's witnesses on the question of delivery and offering instructions on that issue, and failing to assign cross-errors in the Appellate Court upon the ruling of the trial court admitting defendant's evidence.

The objection made by plaintiff to defendant's proof was that it was immaterial, incompetent under the issues, and that what was said between defendant's agent and the insured was merged in the contract of insurance. There was no specific objection that it was incompetent because no verified plea was filed. It appears from the record that plaintiff's real objection was that such proof was inadmis-

sible for the reason that what was said between defendant's agent and the insured was merged in the policy of insurance. The special ground of demurrer alleged was that the special pleas amounted to the general issue, and evidence in support of the defense set up in said special pleas, if admissible at all, would be admissible under the general issue. At no time was the objection raised that such defense could only be made under a verified plea. That specific objection does not appear to have been raised until the case reached the Appellate Court, and it was not raised there by the assignment of cross-errors. Plaintiff, in making her case in chief, introduced evidence to establish delivery of the policy, and at her request the jury were instructed on that issue. The court also instructed the jury on that issue at the request of defendant. The issue tried, upon which both parties introduced testimony and upon which the court instructed the jury, was whether the policy was executed and delivered to the insured with the intention that it should then be effective and binding on both parties, or whether it was delivered to the insured for inspection, only, and not for the purpose of putting the policy then in force. Plaintiff objected to the evidence of defendant on the grounds above stated, and the objections being overruled, cross-examined defendant's witnesses at length on the issue, and, as we have stated, did not question the correctness of the court's ruling admitting the testimony by the assignment of cross-errors in the Appellate Court. If, as we think the record warrants us to infer, the case was tried by both parties under the impression that a verified plea was not necessary to render the testimony of defendant competent, plaintiff should not, after judgment, be permitted to change her position. If her counsel knew or believed defendant's evidence was incompetent because no verified plea was on file setting up the defense, they should have made that specific objection when the proof was offered. The general rule is, that objections which are of a character to be cured or obviated by amendment must

293 — 33

be specifically made at the trial and if not so made are
waived. *Illinois Central Railroad Co.* v. *Noyes,* 252 Ill.
178; *Prout* v. *Lomer,* 79 id. 331; *Craig* v. *McKinney,* 72
id. 305; *Bjork* v. *Glos,* 256 id. 447; *Ewen* v. *Wilbor,* 208
id. 492; *Helmuth* v. *Bell,* 150 id. 263; *Barney* v. *Lincoln
Park Comrs.* 203 id. 397; *Payne* v. *Village of South Spring-
field,* 161 id. 285.

The objection that the testimony of defendant was in-
competent under the issues amounted to no more than a gen-
eral objection. It did not inform the court or defendant
of the grounds of the objection now made any more than
would a general objection to its competency, for any evi-
dence which is incompetent must be incompetent under the
pleadings. The specific objection should have been made at
the trial, and it came too late in the Appellate Court to be
availed· of. This is especially so when the evidence is all
in the record and its proper admission and competency are
not questioned by the assignment of cross-errors. Plaintiff
moved to exclude defendant's evidence and moved for a di-
rected verdict, which motions the court overruled, but none
of these motions assigned as a reason that no verified plea
had been filed, and we do not see how these motions can
in any way change or help the situation.

Plaintiff contends the judgment of the Appellate Court
finding there is no error in the record is conclusive as to
the facts and that error cannot be assigned on its opinion.
It is true, error cannot be assigned in this court on the opin-
ion of the Appellate Court, but we may examine it to de-
termine the reasons for the decision and judgment of that
court. *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478; ·
*Great Western Oil Co.* v. *Chicago, Milwaukee and St. Paul·
Railway Co.* 275 id. 56; *Illinois Central Railroad Co.* v.
*Smith,* 208 id. 608.

Where the Appellate Court does not consider or pass
upon meritorious questions properly raised by assignments
of error, which the court should consider and pass upon,

and its judgment is erroneously based on the theory that meritorious assignments of errors are not before it, its judgment will be reversed and the cause remanded to it to consider such errors. In our view of the record, defendant's evidence should have been considered and passed upon by the Appellate Court. Whether, if it had done so, it would have rendered a different judgment is not for this court to determine. The weight of the evidence and what it proved are questions to be determined by the Appellate Court, and we have not considered, and therefore express no opinion on the question, whether defendant's evidence established its defense. What we hold is, that defendant had the right, under the state of this record, to have its evidence considered by the Appellate Court.

The judgment of the Appellate Court is reversed and the cause remanded to that court for the reasons stated in this opinion.

*Reversed and remanded.*