(No. 18771.—

CHARLES C. GIDDINGS *et al.* Defendants in Error, *vs.*
DONALD S. WILLIAMS *et al.* Plaintiffs in Error.

*Opinion filed October 19, 1929.*

EDWIN TERWILLIGER, JR., and GEORGE L. PILKINGTON, for plaintiffs in error.

VAIL, ROE & PLAMONDON, for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

On April 4, 1927, in the municipal court of Chicago, defendants in error, Charles C. and Mary E. Giddings, obtained a judgment by confession against plaintiffs in error, Donald S. Williams and wife, upon a statement of claim and *cognovit* for $225 for rent of certain premises for April, 1927, together with $32.50 attorney's fees and costs. On

April 19, 1927, plaintiffs in error made a motion to vacate the judgment, the judgment was opened, and the affidavit filed by plaintiffs in error in support of the motion was ordered to stand as their affidavit of merits. The case was heard by the court without a jury. At the close of the evidence on behalf of the plaintiffs in error the judgment on motion was confirmed. An appeal was prosecuted to the Appellate Court for the First District, where the judgment was affirmed, and the case comes to this court upon a writ of *certiorari*.

On October 13, 1925, plaintiffs in error entered into a written lease with defendants in error for a front and rear room in the building at 669 North Michigan avenue, in Chicago, to be used as a sales room and workroom for the sale of linen merchandise. Defendants in error occupied the remainder of the ground floor, and the apartments were separated by a hall. The lease was to expire on April 30, 1930, and the rent until September 30, 1927, was to be $225 per month and $275 thereafter. The lease was attached to the statement of claim of defendants in error, but it was not introduced in evidence and is not in the bill of exceptions. It is claimed that it contained a clause requiring the lessors to furnish a reasonable amount of heat at reasonable hours from October 1 until April 30. This clause contained the following: "The provisions of this paragraph shall not apply unless, in space immediately following, lessor shall expressly agree to furnish heat." Then followed a blank space, which in the copy attached to the statement of claim was not filled.

The affidavit of merits filed by plaintiffs in error, among other things, alleged that after entering into possession of the premises they were continually hampered in their business by the interference of defendants in error; that defendants in error were continually quarreling between themselves and with their employees, caused disturbances in the building and kept customers from transacting business with

plaintiffs in error; that defendants in error did not furnish necessary heat during the winter; that the employees of plaintiffs in error were compelled to fire the furnace at various times; that owing to the failure of defendants in error to furnish necessary heat, plaintiffs in error suffered great loss and their employees could not work; that on several occasions the water was shut off of the building on account of the failure of defendants in error to pay the water tax; that defendants in error took up the carpet in the hall, which was the entrance to the premises of plaintiffs in error, and shellacked the floor of the hall just before the Christmas holidays, which was the busiest time of the year, and by blocking and obstructing the entrance the business of plaintiffs in error was greatly decreased; that in January and February, while customers were in the store of plaintiffs in error, there was a conflict in the hall and swearing and disorderly conduct, and this occurred two or three times.

Plaintiffs in error were permitted to make some proof in support of the above allegations in their affidavit of merits, but the court refused to permit them to prove certain complaints made by them to defendants in error, and to the agent who collected the rents, with reference to certain acts alleged in their affidavit of merits, refused to permit them to prove that bailiffs from various courts came to the premises to serve writs on defendants in error, refused to permit them to prove the condition of the heat in February, 1927, and that defendants in error interfered with the business of plaintiffs in error in other respects, all of which were alleged in the affidavit of merits. The evidence shows that in February, 1927, plaintiffs in error made preparation to move to other quarters but could not complete their arrangements until March 6, 1927, when they moved, but they paid their rent until April 1, 1927.

The trial court held that on account of the failure of defendants in error to furnish sufficient heat during Feb-

ruary such failure possibly gave plaintiffs in error the right to move from the premises, but that they failed to do so and paid the rent until April 1, and therefore they waived their right to vacate and were liable for the rent in question. The Appellate Court held that plaintiffs in error by remaining in the premises from November until February might be held to have waived their right to vacate in case the facts warranted the court in finding that the landlord failed to furnish necessary heat during those months, but if the evidence shows that in February it was so cold as to warrant the tenants in vacating and they told the landlord they were going to do so on account of lack of heat, and the evidence shows that they made necessary efforts to secure new quarters and vacated the premises as soon as new quarters were obtained, such evidence would show a constructive eviction; that while the trial court erroneously limited plaintiffs in error in the introduction of their evidence, yet the Appellate Court would not be warranted in reversing the judgment for the reason that plaintiffs in error did not make an offer as to what they expected to prove, and unless the evidence offered was of such a character that the trial court might, under the law, find that plaintiffs in error would be warranted in vacating the premises, the Appellate Court would not be warranted in reversing the judgment, and that there was a failure in this respect and the judgment should be affirmed.

The question for determination is whether the alleged failure to furnish heat, together with the alleged acts of misconduct of defendants in error, constituted such a constructive eviction of plaintiffs in error as justified them in moving from the premises, canceling the lease and refusing to pay further rent. A tenant may abandon the premises where the landlord fails to furnish heat as required by the lease, but to relieve the tenant of rent he must vacate the premises. There can be no constructive eviction

without a surrender of the premises. (*Keating* v. *Springer*, 146 Ill. 481.) Where a tenant fails to surrender possession after the commission of acts by the landlord which would justify the tenant in abandoning the premises, he will be deemed to have waived such right and will be liable for the rent at least during the time he occupied the premises. (*Leiferman* v. *Osten*, 167 Ill. 93.) Where the landlord fails to furnish heat as required by the lease and the temperature is such that the tenant would be warranted in vacating the premises, the tenant is not obliged to vacate at once but is entitled to a reasonable time after such breach to do so. What is a reasonable time is generally a question of fact, yet such question may become a question of law where the evidence is such that reasonable minds would reach the conclusion that the time was reasonable.

There is no conflict in the evidence. No evidence was offered by defendants in error, and at the close of the evidence of plaintiffs in error the defendants in error made a motion to affirm the judgment. A motion for a finding or a directed verdict by a party who offers no evidence is in the nature of a demurrer to his opponent's evidence, and the rule is that the party resisting the motion is entitled to the benefit of all of the evidence in its most favorable aspect to him and of all presumptions that may be reasonably drawn therefrom. (*Kee & Chapell Dairy Co.* v. *Pennsylvania Co.* 291 Ill. 248; *McCune* v. *Reynolds*, 288 id. 188; *Lloyd* v. *Rush*, 273 id. 489.) Where there is no controversy as to the facts and a motion is made for a finding, such motion presents a question of law as to what judgment shall be entered on the facts in the record. Whether the facts sustain the plaintiff's cause of action or the defendant's defense is a question of law which is preserved for review in this court by such motion. *Anderson* v. *Keystone Supply Co.* 293 Ill. 468; *Babbitt* v. *Grand Trunk Western Railroad Co.* 285 id. 267; *Rigdon* v. *More*, 226 id. 382.

The uncontradicted evidence shows that from November until March 6 defendants in error failed to furnish a reasonable amount of heat; that they were out of coal a part of the time; that during February very little heat was furnished; that the employees of plaintiffs in error had to fire the furnace and had to work with their coats on; that the thermometer was as low as 55 and 60 degrees; that complaints were made to the landlord, and he promised to furnish heat but did not do so; that plaintiffs in error prepared to move in February; that they moved on March 6, 1927, as soon as they reasonably could do so; that the conduct of defendants in error in the management and control of the premises was in other respects such as to deprive plaintiffs in error of the full enjoyment of the premises and constituted an interference with their business and a damage thereto. Under this uncontradicted evidence the court was in error in affirming the judgment.

The written lease was not offered in evidence but was attached to the affidavit of merits filed by defendants in error. This court has generally held that a copy of a note sued on, which is attached to a declaration, forms no part of the declaration. It is no part of the record and can become a part of the record only by a bill of exceptions. (*Harlow* v. *Boswell,* 15 Ill. 56; *Franey* v. *True,* 26 id. 184; 3 Ency. of Pl. & Pr. p. 404.) Where a judgment by confession is entered in vacation and the proper papers are filed they become a part of the record without being embodied in a bill of exceptions, (*Waterman* v. *Caton,* 55 Ill. 94,) but where the judgment is entered in term time, the warrant of attorney and note upon which the judgment is confessed can only become a part of the record by being preserved in a bill of exceptions. (*Boyles* v. *Chytraus,* 175 Ill. 370.) Under these authorities the written lease is not before this court, and we are unable to determine from the written lease whether it did

or did not provide that heat should be furnished by defendants in error. But, regardless of the provisions of the written lease, the uncontradicted evidence shows that heat was to be furnished; that this duty was recognized by defendants in error; that heat was not furnished in sufficient quantity, and that defendants in error repeatedly promised to furnish it but did not keep their promise. Under this uncontradicted evidence the judgment entered was erroneous.

Plaintiffs in error insist that the record shows that the trial judge was prejudiced in favor of defendants in error; that he refused to permit witnesses to take the witness stand so the case could be tried in an orderly manner; that he took charge of the case and cross-examined the witnesses; that he assumed in advance that there was no merit in the defense, and his manner was such as to intimidate the witnesses; that after a few questions were asked he announced a finding against plaintiffs in error; that he later, at the urgent request of attorneys, permitted plaintiffs in error to put other witnesses on the stand, but said, "You can go ahead and try your case; I think I see where you are at right now; if you fellows are to be precise now, all right;" and that when the evidence was concluded the court found for defendants in error without permitting attorneys for plaintiffs in error to argue the questions involved. No good purpose would be served in considering these contentions in detail. It is sufficient to say that it is apparent from statements made by the court that the case was tried upon the theory that any grounds for constructive eviction which might have existed were waived by plaintiffs in error, that they were not justified in vacating the premises, and the rulings on the admission of evidence were upon this theory. As a result, considerable competent evidence was excluded and plaintiffs in error did not have a fair and impartial trial. The Appellate Court held that these rulings did not constitute re-

versible error for the reason that plaintiffs in error did not make an offer as to what they expected to prove. From the whole record we are of the opinion that the attitude of the court was such as to prevent plaintiffs in error from making an offer when the various items of evidence were ruled upon. In view of the fact that other suits may follow involving large sums of money, it was of the utmost importance that there should have been proper rulings on the admission of evidence. Errors were committed in the rulings on evidence.

The judgment is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*