(No. 19788.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IKE McCURRIE, Plaintiff in Error.

*Opinion filed December 20, 1929.*

JOHN W. BROWNING, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and ROY R. HELM, State's Attorney, for the People.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

Plaintiff in error, Ike McCurrie, alias Hacker McCurrie, was indicted by the grand jury at the April, 1929, term of the circuit court of Massac county for a second violation of the Illinois Prohibition act, the indictment charging a former trial and conviction at the July, 1927, term of the county court of Massac county for unlawful possession of intoxicating liquor in violation of the Illinois Prohibition act; that after said conviction and sentence, and on the second day of March, 1929, he was charged with the unlawful possession of intoxicating liquor for the purpose of sale in the first count and the unlawful possession in the second count, all in violation of the Illinois Prohibition act. Plaintiff in error was tried before a jury in the circuit court of Massac county at the April, 1929, term. At the close of the trial the court gave to the jury two separate typewritten forms of verdict, one to be used by the jury in case the plaintiff in error was found guilty of a second offense of violating the Prohibition act, and the other to be used if he was found not guilty. The first form submitted was as follows: "We, the jury, find that the

defendant, Ike McCurrie, alias Hacker McCurrie, was convicted in the county court of Massac county, Illinois, for the crime of unlawfully possessing intoxicating liquor in violation of the Prohibition law in the State of Illinois, as charged and as set forth in the indictment in this case. And we further find that the said defendant, Ike McCurrie, alias Hacker McCurrie, guilty of unlawfully possessing intoxicating liquor for the purpose of sale in manner and form as charged in the indictment in this case. And we further find that this last mentioned possession of intoxicating liquor for the purpose of sale is a second or subsequent offense." The second form was as follows: "We, the jury, find the defendant, Ike McCurrie, alias Hacker McCurrie, not guilty." The jury returned the first form of verdict given to them by the court, and immediately thereunder there was added with pen and ink the following words: "We, the jury, find the defendant, Ike McCurrie, (alias Hacker McCurrie,) guilty," and thereafter each juror signed his name. No poll of the jury was requested or made. Upon the verdict finding the plaintiff in error guilty as recited, and motion for new trial and arrest of judgment being denied, the court entered judgment and sentenced plaintiff in error to the State penitentiary.

The evidence discloses the following state of facts: One mile north of the city of Metropolis, Illinois, is a cemetery, the south portion of which is the Odd Fellows' cemetery and the north portion of which is the Masonic cemetery. The cemetery is on the west side of the public road. Diagonally across the road from it, and southeast thereof, is the home of Mrs. Edna Oakes and her husband, Odis Oakes. South of that residence is the home of Mrs. Clara Dummeier and her husband, Charles Dummeier. South of the Dummeier home is the residence of C. S. Adkins, the father of Mrs. Oakes and of Mrs. Dummeier; and immediately south of C. S. Adkins' is the house of Charles Adkins, his son. Saturday afternoon, March 2, 1929, Mrs. Oakes, Mrs.

Dummeier and their mother, Mrs. Adkins, had been to Metropolis and were driving home in Mrs. Oakes' car, going northerly on the public road leading from Metropolis to their homes and to the cemetery. Plaintiff in error and Reed Barrett, in a sedan automobile frequently driven by McCurrie, overtook and passed the three women in the Oakes car on this road leading north from Metropolis. The Oakes car, with the three women in it, stopped in front of the Dummeier home. They observed the McCurrie car. It went into the cemetery on the north drive in the Masonic section, drove west, then south, then east, coming east on the second driveway in the Odd Fellows' section, from the south, being the driveway that comes out on the road at the first gateway from the south. The Odd Fellows' cemetery is well filled with graves. The McCurrie car stopped on the second driveway from the south, in the Odd Fellows' cemetery, about midway from the east to the west, and one of these two men got out. He had something that glistened in the sun like glass, which he deposited under a small evergreen tree, the tree being about five feet high, with branches spreading from three to five feet and growing down to the ground. The man then re-entered the car. It proceeded eastwardly on the cemetery drive, came onto the public highway, headed south, met and passed the Oakes car that was parked in front of the Dummeier home, the women plainly recognizing the occupants of the car, namely, plaintiff in error and Barrett, and then the car proceeded southerly toward Metropolis. The women notified their father and husband, C. S. Adkins. He entered the Oakes car with them and they drove to the place in the cemetery where the McCurrie car had stopped. Mrs. Oakes and Mrs. Dummeier pointed out to Adkins the tree in question. He got out of the car on the driveway in the cemetery, walked some twenty feet from it to the tree in question, and there, underneath the branches of the evergreen tree, he found a one-gallon glass

jar of white mule corn whisky. Without disturbing it he notified the sheriff. The sheriff and his deputy at once came out. Adkins took them to the designated spot and showed them the one-gallon jar of whisky. Adkins and the two officers made a further search. About five feet south, in some honeysuckles, they found another one-gallon glass jar of white mule corn whisky, and close by, in the honeysuckles, they found four half-gallon glass fruit jars of white mule corn whisky. The officers returned to Metropolis, had their car and a driver return them to the cemetery, dismissed the car and driver, and stayed in the cemetery for about an hour and a half, until after dark. After dark a car drove in on the same second driveway from the south in the Odd Fellows' cemetery and the car stopped and lights were switched out. The motor continued in operation. A man got out and approached within three or four feet of the jug of whisky. The sheriff apprehended him. It was Reed Barrett. The man in the car was plaintiff in error. They were the same two men who were there in the afternoon, in the same car, at the same place.

Plaintiff in error and Barrett were the only witnesses for the defense on the trial, and both admitted being in the cemetery on each occasion but denied having any white mule whisky there on that date. They each denied any knowledge of any liquor or how it came there. Plaintiff in error denies he took a glass jug from his car and placed it under a tree. He claims he took flowers there to his child's grave in the afternoon, the lot being on the north end of the cemetery and not on the south end. He further claims to have stopped in the Odd Fellows' cemetery in the afternoon, about one block from the place where the sheriff arrested him and Barrett that evening, for the purpose of dumping some rubbish. He does not state whether he did or did not get out of the car for that purpose at

that time. He further testified that he followed the same road in the evening that he did in the afternoon; that he wanted to take "Mr. Barrett for a little drive." In the evening he stopped at the place where he was arrested, for the purpose of letting Barrett urinate. He turned out the lights.

Barrett testified that he was with McCurrie both times— the first trip made for the purpose of taking flowers, the second trip for the purpose of meeting a girl; that McCurrie turned off the lights and the sheriff arrested him immediately. Barrett testified he got out of the car in the afternoon and that he carried the trash. He says he did not get out of the car in the evening for the purpose of urinating. He says, on cross-examination, that they did not throw the trash in the cemetery.

Plaintiff in error assigned fourteen errors, but since only four have been briefed and argued, all other assignments of error will be disregarded. The errors assigned are: (1) The improper admission of People's exhibits A, B, C and D, being, respectively, the information and records of the proceedings in the county court of Massac county in 1926 and 1927 tending to show a former conviction; (2) the verdict was not in proper form; (3) improper instructions; (4) weight of evidence.

Plaintiff in error zealously urges that the evidence offered on the part of the People to prove a former conviction is insufficient to show jurisdiction on the part of the county court to enter the orders and judgment mentioned in People's exhibits B, C and D; that the exhibits do not show said court to have been regularly organized, constituted or convened. The objection, in substance, questions the form of the *placita*. We concede the language employed does not follow the generally recognized and customary forms, yet there is, in our opinion, sufficient information contained in each *placita* to indicate in what

court the matter was pending, the term time, the date on which the order was made, the convening of court, the presiding judge and other proper officers of the court.

There is another reason why this assignment of error cannot be considered. At the time of the introduction of exhibits A, B, C and D in the circuit court the plaintiff in error objected to their admission because they were "immaterial, incompetent and contradictory." The character of such objection was general. It did not question the sufficiency of the exhibits. There is a well-defined distinction between "competency" and "sufficiency." (*Ewen* v. *Wilbor*, 208 Ill. 492.) The trial court is entitled to know what specific insufficiencies exist in the introduction of evidence. It is unfair to offer objections on appeal and yet conceal the real objections from the lower court. The general rule is, that objections which are of a character to be cured or obviated by amendment must be specifically made in the trial, and if not made are waived. "The objection that the testimony of defendant was incompetent under the issues amounted to no more than a general objection. It did not inform the court or defendant of the grounds of the objection now made any more than would a general objection to its competency, for any evidence which is incompetent must be incompetent under the pleadings. The specific objection should have been made at the trial, and it came too late in the Appellate Court to be availed of." (*Logan* v. *Mutual Life Ins. Co.* 293 Ill. 510.) Moreover, plaintiff in error did not save for review the question of the sufficiency of the *placita* by preserving such question in his motion for a new trial.

Plaintiff in error insists that the verdict rendered in this case was improper and prejudicial. As before stated, a typewritten form was submitted by the court to the jury on a separate sheet of paper. The jurors, after deliberation, attached their individual signatures to the form, but before doing so they added in pen and ink the words: "We,

the jury, find the defendant, Ike McCurrie, (alias Hacker McCurrie,) guilty." Verdicts are not construed as strictly as pleadings and the records may be searched in determining their sufficiency. (*People* v. *Shupe*, 306 Ill. 31.) A verdict is not to be construed with the same strictness as an indictment but is to be liberally construed, and all reasonable grounds will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning. (*People* v. *Tierney*, 250 Ill. 515.) Moreover, the trial court can disregard surplusage in a verdict. (*People* v. *Klein*, 305 Ill. 141.) A provision in a verdict of guilty of manslaughter which attempts to fix the term of imprisonment may be rejected as surplusage and a valid judgment of conviction be based upon the finding of guilty, as the question of guilt or innocence is the only issue presented to the jury. (*People* v. *Coleman*, 251 Ill. 497.) We believe the jury's addendum to the verdict was emphatic rather than erroneous.

It is next insisted by plaintiff in error that the evidence in this case is not sufficient to establish the guilt of the defendant beyond a reasonable doubt. The weight of evidence is for the jury to determine, and this court is not inclined to disturb a verdict of guilty or reverse a judgment of conviction on the ground that the evidence is insufficient to convict unless the verdict is palpably contrary to the weight of the evidence or the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People* v. *Collins*, 332 Ill. 222.) The evidence of defendant's guilt was so clear and convincing that the jury could not reasonably have found a verdict other than one of guilty.

The fourth and last objection is directed to instructions 1, 2, 3, 8 and 9 given on behalf of the People.

People's instructions 1, 2 and 3 are the only instructions submitted on the law pertaining to violation of the Prohibition act. They are as follows:

1. "The law concerning prohibition provides among other things no person shall on or after the date that the Illinois Prohibition act went into effect manufacture, sell, barter, transport, deliver, furnish or possess intoxicating liquor except as authorized in this act.

2. "The court instructs the jury in the language of the statute that it shall be unlawful to have or possess any liquor intended for use in violating the Illinois Prohibition act.

3. "The court instructs the jury in the language of the statute that after going into effect of the Illinois Prohibition act, the possession of liquors by any person not legally permitted under the act to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of the Illinois Prohibition act."

This court has repeatedly condemned the practice of giving instructions containing the words *"prima facie"* as an abstract term. (*People* v. *Sikes,* 328 Ill. 64; *Grosh* v. *Acom,* 325 id. 474; *Johnson* v. *Pendergast,* 308 id. 255; *People* v. *Tate,* 316 id. 52.) In the latter case an instruction given was as follows: "The court instructs the jury that under the law in Illinois the possession of intoxicating liquor by one is *prima facie* evidence that such person keeps and possesses said liquor for the purpose of bartering and selling the same, and if you believe from the evidence beyond a reasonable doubt that the defendant had in his possession certain intoxicating liquor, as that phrase is defined in these instructions, then you should find the defendant guilty as charged in the indictment or some count thereof, unless you further believe from the evidence that the defendant acquired and used said liquor in a legal manner." Counsel for the People contend that this court criticised only the last part of this instruction; that the first part of the instruction is a proper statement of the law and that it is substantially the same as instruction 3 given in this case;

that instruction 3 should be considered in connection with all other instructions bearing on the subject, thereby inferring that instructions 1 and 2 contain the correct rule of law when considered as a whole. We cannot agree with this contention. In the *Tate case* we said that "when a defendant goes to trial and introduces evidence disputing the facts charged in the indictment, it is a question then whether the evidence establishes a case against him of guilt beyond a reasonable doubt, and when there is such a contest in the evidence there should be no instructions whatever given as to what constitutes a *prima facie* case." In the case at bar the plaintiff in error and the witness Barrett each testified that they did not possess the intoxicating liquor produced in this case, that they never saw it until after their arrest and did not deposit it at the place where it was found. This testimony, alone, is sufficient to overcome the *prima facie* case set forth in instruction 3. Instruction 1 states that "after the date that the Illinois Prohibition act went into effect" it was unlawful to manufacture, sell, barter, transport, deliver, furnish or possess liquor "except as authorized in this act." There is nothing in this instruction or any other instruction to indicate when the law became effective or under what circumstances a person may legally possess liquor. Indeed, no reference was made to the charges set forth in the indictment, consequently the jury were left to speculation and conjecture. There is conflict between the first and second instructions. Instruction 1 would indicate that there are exceptions under which a person may possess liquor, while instruction 2 indicates that there are no exceptions. The series of instructions in this case do not clarify this ambiguity. However, mere error in the giving of instructions will not, alone, justify a reversal when the evidence of the defendant's guilt is so clear and convincing that the jury could not reasonably have found the defendant not guilty. "It is not the purpose of a court of review to determine whether or not a record is

free from error, but rather to determine whether or not the accused has had a fair trial under the law and whether his conviction is based upon evidence establishing his guilt beyond a reasonable doubt." (*People* v. *Stavrakas,* 335 Ill. 570.) This court has held in many cases that where it can be said from the record that the errors assigned could not reasonably have affected the result of the trial the judgment of the trial court should be affirmed. *People* v. *Stokes,* 334 Ill. 200; *People* v. *Moone,* 334 id. 590; *People* v. *Storer,* 329 id. 536; *People* v. *Rettich,* 332 id. 49; *People* v. *Heard,* 305 id. 319; *People* v. *Halpin,* 276 id. 363; *People* v. *Zalapi,* 321 id. 484.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*