(No. 26580.—

THE ALTON RAILROAD COMPANY, Appellant, *vs.* F. GILLARDE, Appellee.

*Opinion filed March 17, 1942.*

WILLIAM L. PATTON, (SILAS H. STRAWN, of counsel,) for appellant.

EDWARD PREE & HAROLD WERNER, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District. The appeal was allowed by that court on certificate of importance. The majority of the judges of that court certified that the case involves a question of law not heretofore passed upon by this court, and upon which there were conflicting decisions of the different Appellate Courts of this State.

A brief statement of the facts is necessary to a correct understanding of the questions of law involved. The material facts may be summarized as follows: On January 21, 1933, C. H. Taylor & Co. delivered to the Atlantic Coast Line Railroad Company at Wauchula, Florida, a carload of grapefruit, consigned to F. N. Hicks at Waycross, Georgia. Hicks reconsigned the car to appellee to be delivered at Springfield, Illinois. Upon the arrival of the car at Springfield, appellant mailed to appellee a prepaid freight bill for $352.98. Appellee accepted the shipment, and unloaded approximately two thirds of the contents of

the car. He then reconsigned the car to his own order at Decatur, Illinois, with instructions to advise Sproat & Co. and to deliver the shipment to that company upon presentation of a written order of appellee so to do. Thereupon, appellee sent to a bank in Decatur, his draft with bill of lading attached, accompanied by a written order to surrender the car to Sproat & Co. Appellee directed appellant to prepay the freight charges on the reconsignment from appellee at Springfield to himself at Decatur. He delivered to appellant his check for $352.98, being amount of the freight charges covering the shipment from the point of origin to the point of destination.

Following this, the car was delivered by appellant at Decatur to Sproat & Co. Appellant, at Decatur, also delivered to that company a prepaid freight bill in the amount of $352.98. Sproat & Co. delivered to the agent of appellant at Decatur a check covering the transportation charges. This check was deposited in the bank by appellant, but was returned not paid because there were not sufficient funds in the account on which it was drawn. Later Sproat & Co. went into bankruptcy. The check was filed as a claim against the bankrupt estate. Appellant was finally paid $9.03 as dividends on its claim against the bankrupt, leaving a balance of $343.95 of the freight charges unpaid.

This suit was brought by appellant to recover that amount from appellee. The case was tried by the court without a jury. At the close of all the evidence, appellant filed a motion in which it asked the court to find the issues in favor of the plaintiff and to assess the plaintiff's damages $343.95. This motion was denied. Later, the court found the issues in favor of the plaintiff and assessed the damages at that amount and entered judgment therefor. Appellee perfected an appeal to the Appellate Court for the Third District. That court reversed the judgment of the circuit court.

Appellee has raised the question .in his brief that the judgment of the Appellate Court was based upon a finding of facts different from the facts found by the trial court, and asserts that such finding of the Appellate Court is conclusive on this court. He further contends that there are no questions of law involved in the case, and that this court is without power to reverse the judgment of the Appellate Court on the facts. There is no merit in this contention. There is in the record no controversy as to the facts. The motion filed by appellant in the circuit court for a finding and judgment in favor of the appellant raised a question of law as to whether, upon all the facts in the record, the plaintiff was entitled to judgment. When there is no conflict in the evidence, a motion for a finding or a directed verdict presents a question of law as to what judgment shall be entered on the facts in the record. Whether the facts sustain the plaintiff's cause of action or the defense is a question of law which is preserved for review in this court by such motion. (*Gidding* v. *Williams,* 336 Ill. 482.) The question as to whether the plaintiff was entitled to a judgment upon the facts in the record was thus properly raised and preserved, as a question of law, and the decision of the Appellate Court on that question may be reviewed in this court.

The question of whether appellant was entitled to judgment on the uncontroverted facts in the record depends upon whether the appellee was liable for the payment of the freight charges in question. The fact that this was an interline shipment, originating in the State of Florida, has no bearing on the case, except that the shipment from Springfield to Decatur was handled in this manner in order to give to appellee the benefit of a through rate from the point of origin to Decatur, Illinois, its final destination. When the car was diverted from Waycross, Georgia, to appellee at Springfield, Illinois, he became the consignee.

The record shows that the shipment was made without the prepayment of the freight charges at the point of origin and that the carrier agreed to accept payment thereof from the consignee.

It was alleged in the complaint and admitted by the answer, that the transportation charges were to be paid "by the consignee, or such person as might become reconsignee." When appellee reconsigned the car to himself at Decatur, he intended to send the car to Decatur with the freight charges prepaid, and which, as a matter of fact, he had already paid. The agent of appellant, however, by mistake, forwarded the car to Decatur with instructions to collect the full amount of the charges from the reconsignee. When it was discovered that appellant's agent at Springfield, by mistake, had forwarded the car with instruction to collect the freight charges at Decatur, he immediately communicated with appellee. In order to get the matter straightened out he returned to appellee the check which appellee had delivered to him a short time before in payment of the freight charges. At the request of the agent, appellee communicated with Sproat & Co., at Decatur, and made arrangements for that company to pay the freight charges. At the request of appellant's agent in Springfield, he wired the agent of appellant at Decatur to deliver the shipment to Sproat & Co. without presentation of his written order for such delivery. For the purpose of carrying out this new arrangement, appellant delivered the shipment to Sproat & Co.

Appellee contends and the Appellate Court so held, that he was not liable for the freight charges; that appellant was obligated to collect the freight charges from Sproat & Co. at Decatur; that it should have collected such charges before it delivered the shipment to that company. It is further contended that appellant, having neglected to collect the freight charges from Sproat & Co. at Decatur, is now estopped from recovering such charges from ap-

pellee and that appellee is not liable for such charges. The Appellate Court found that there was a novation of the contract liability of appellee to pay the freight charges; that, under the circumstances, appellant released appellee from such liability and accepted the liability of Sproat & Co. in lieu thereof. This finding overlooks the fact that in the shipment of the car from Springfield by appellee, consigned to himself at Decatur, appellee was both consignor and consignee and was primarily liable for the charges. Sproat & Co. was not the consignee.

We are unable to distinguish the controlling facts in this case from the facts in the case of *New York Central Railway Co.* v. *Philadelphia and Reading Coal and Iron Co.* 286 Ill. 267. It was there held that a shipper in a position similar to appellee in this case, was primarily liable for the lawful transportation charges and it was said that the weight of authority is to the effect that such liability can only be released by payment. The cases cited in the brief by appellee are all distinguishable from the facts in this case. Cases like *Louisville and Nashville Railroad Co.* v. *Central Iron Co.* 265 U. S. 66, and other similar cases, are based upon the Interstate Commerce act and its effect upon the liability of a shipper to pay transportation charges. It has been repeatedly held that while the rights and liabilities of shippers as to the rates and amounts of the charges made are governed by the Federal laws relating to interstate commerce, as interpreted by the Federal courts, still the Interstate Commerce act does not purport to determine upon whom the liability to pay transportation charges shall fall. This is a matter of contract in no way controlled by the Interstate Commerce act. In *Houston & T. C. Ry. Co.* v. *Lee County Produce Co.* 14 Fed. (2d) 145, it was said, "It cannot be reasonably contended that laws and regulations designated to prevent discrimination between shippers have developed a new series of contractual rights, or disturbed old concepts of wrong; these laws

merely prevent railroads carrying freight for one on better terms than for another." Many other cases might be cited to the same effect. The Interstate Commerce act is not concerned with who shall pay the transportation charges. It permits the carrier to make any contract it may see fit with reference to who shall pay the charges. Its only purpose is to prevent discrimination and rebates. It prohibits the application of any act or conduct as estopping a carrier from exacting the lawful freight rate. Its purposes are obvious. It has no application to the facts in this case.

When the car was reconsigned, appellee became both consignor and consignee. As consignee, he was liable for the charges as expressly stipulated in the bill of lading. Under these circumstances, he was clearly liable. His liability had thus become definitely fixed. No subsequent acts or omissions on the part of appellant could discharge that liability. *New York Central Railroad Co.* v. *Little-Jones Coal Co.* 25 Fed. Supp. 337; *Wabash Railway Co.* v. *Horn,* 40 Fed. (2d) 905; *New York Central Railroad Co.* v. *Federal Sugar Refining Co.* 26 A. L. R. 1312; *New York Central Railroad Co.* v. *Warren Ross Lumber Co.* 24 A. L. R. 1160; *Pennsylvania Railroad Co.* v. *Lord & Spencer,* 105 A. L. R. 1211.

In our opinion, the case of *New York Central Railroad Co.* v. *Philadelphia and Reading Coal and Iron Co. supra,* is decisive of all the questions here involved. Under the rules there laid down, appellant was entitled to recover from appellee the transportation charges involved. For the reasons there stated, the Appellate Court erred in reversing the judgment of the circuit court.

The judgment of the Appellate Court is reversed and the judgment of the circuit court of Sangamon county is affirmed.

*Judgment of Appellate Court reversed; judgment of circuit court affirmed.*