(No. 23264.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAURICE BARAD, Plaintiff in Error.

*Opinion filed February 14, 1936—Rehearing denied April 10, 1936.*

HAROLD L. LEVY, and ODE L. RANKIN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Maurice Barad was convicted in the criminal court of Cook county upon an indictment containing two counts, one charging robbery and the other charging robbery with a gun. The jury returned a general verdict finding defendant guilty in manner and form as charged in the indictment and he was sentenced to the penitentiary. He has sued out this writ of error.

The Auto Car Sales and Service Company, in Chicago, was held up and robbed of $587.45 at about 1:15 P. M. on November 22, 1933. Magnus B. Willsberg, secretary to the manager of the company, Loretta Cullina, switch-board operator, and a driver for a customer named Zimmerman, were in the office. The company's pay-roll arrived shortly after noon and was locked in the drawer of a desk. Two men, one armed with a sawed-off shot-gun and the other with a revolver, entered the office about 1:15 P. M. They compelled the people in it to lie on the floor in an adjoining room. Failing to find the pay-roll they brought Willsberg to the desk and made him unlock the drawer. The robbers took the money and escaped.

Willsberg and Miss Cullina positively identified the defendant as the man with the sawed-off shot-gun. When he came into the office he said, "This is a stick-up." Miss Cullina testified that he stood in front of her switch-board and she kept a steady gaze at him. Willsberg testified he saw defendant's eyes and all of his face. A description of the robbers was given to the police. Willsberg and Miss Cullina went to several show-ups at the detective bureau prior to January 15 but defendant was not in custody. Willsberg did not see defendant after the robbery until the preliminary hearing. Defendant was arrested on January 15 following the robbery. On the afternoon of that day Miss Cullina was taken to the office of Capt. Zimmer, at the detective bureau. Willsberg was not there. Police officer Matt Kauffman testified that as soon as defendant was brought in

Miss Cullina said, "That is the man." On the trial she identified defendant as the man she saw on that occasion in Capt. Zimmer's office and as the man who stood near her at the switch-board with a shot-gun, at the time of the robbery.

The defense was an alibi. Defendant and his brother, Jack Barad, testified that on the day of the hold-up defendant was working for his father, who was engaged in the boot and shoe business at 636 Maxwell street; that defendant went to lunch about noon and returned about 12:30 o'clock; that Jack Barad went to lunch at about 12:45 and returned at 1:30, and that defendant was there when he came back.

One of the defendant's points set out in his statement of the case is, that the court erred in overruling his objection to the proof of corporate existence of the company, but no citation of authority is contained in the brief to support it nor is the contention mentioned in the argument. It is therefore waived and will not be considered. *Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384; *City of Benton* v. *Blake,* 259 id. 211.

When defendant was before the felony court on preliminary hearing the case was twice called. Police officer Kelly was not present on the first call. Miss Cullina and Willsberg were sworn, and in the presence of defendant Miss Cullina was asked by the State's attorney and by the committing magistrate if she saw the man in the court room who held up the place of business. She did not answer either question but asked the judge to await the arrival of officer Kelly. Her request was complied with and upon Kelly's arrival the hearing proceeded. Counsel for the defense attempted to show these facts in detail, but the trial court sustained a number of objections to counsel's questions and offers of proof. It is claimed that the evidence of these events, if admitted, would have tended to depreciate the weight of Miss Cullina's testimony. However,

defendant, on direct examination, testified that when the State's attorney asked Miss Cullina if she saw the man present in court who held her up she had nothing to say but just bowed her head. He was then asked if the magistrate inquired if she saw the man in court who held up the Auto Car Sales and Service Company. Objections to the question and to an offer of proof that she failed to answer were sustained.

It was likewise competent to show by Miss Cullina that she made no reply to the above questions. Great latitude is allowed on the cross-examination of a witness, because it is one of the most efficacious tests for ascertaining the truth. (*Ray* v. *Bell,* 24 Ill. 444.) Indefiniteness and uncertainty affect the weight of testimony. The question of the identity of an accused is permitted to take a broad range. But Miss Cullina was permitted to testify she was asked the foregoing question by the State's attorney and that she replied by requesting the court to postpone the hearing until the arrival of Kelly. Upon what theory the State's attorney objected to the offer of additional proof does not appear, nor do we understand why the trial court sustained certain objections. Still, the record conclusively shows from Miss Cullina's admissions and defendant's testimony that she did not answer the question but bowed her head and requested a postponement of the trial. The facts were therefore before the jury without denial, and defendant was not prejudiced by the refusal to admit further testimony on the same subject matter. The purpose of reviewing a judgment of conviction in a criminal case is to determine whether the defendant has had a fair trial under the law and whether his conviction is based upon evidence establishing his guilt beyond a reasonable doubt. If the errors complained of could not reasonably have affected the result of the trial the judgment should be affirmed. *People* v. *O'Brien,* 277 Ill. 305; *People* v. *Halpin,* 276 id. 363.

It is claimed that because Willsberg and Miss Cullina did not pick out defendant from a number of persons their identification is so weak it is not entitled to belief. There is no requirement of law that the People must place a defendant among a group of persons for the purpose of testing whether an identifying witness can point him out as the guilty party, and *People* v. *Crane,* 302 Ill. 217, is not to be so construed. Positive testimony identifying the accused is sufficient for his conviction. (*People* v. *Tyler,* 316 Ill. 67.) The weight of the testimony as to defendant's alibi and as to his identification as one of the robbers was a question for the jury. He had a fair trial and the testimony is sufficient to support the verdict.

The judgment of the criminal court of Cook county is therefore affirmed.

*Judgment affirmed.*