(No. 23648.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* COSMO DEL PRETE, Plaintiff in Error.

*Opinion filed October 27, 1936.*

WILSON, J.; dissenting.

JOHN B. BODDIE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county on an indictment which charged him with armed robbery and which also charged that he had previously been convicted of grand larceny. The judgment imposed the life sentence which the statute in such case makes mandatory, and this writ of error is prosecuted.

The complaining witness was John Korenevich. On September 7, 1934, at about 4:00 P. M., this witness went to the Bank of Napoli, located on the corner of Halsted and Forquer streets, in Chicago, to draw some money. He testified that he left the bank with $92 in cash, got in his car and drove west; that two men in a car stopped him, one of whom jumped on the running-board of his car and ordered him to drive into an adjacent alley and then stop. During this time the hold-up man who "had on a handkerchief" got into the back seat of the car and after the witness had stopped in the alley completed the robbery by taking $92 from the witness. Korenevich further testified that a week later, at about the same place, he saw the defendant standing on the street, at which time he called the police; that the squad car came and the defendant was arrested; that the defendant was placed in the squad car and taken to the police station, where, in his own words, "they asked me if this is the man and I said, 'Yes;'" that the defendant said nothing. On this point the statement contained in the brief for the People is materially wrong. It is there stated that the complaining witness was asked if the defendant was the man that held him up, and the complaining witness said, "Yes." It is necessary to point out that the record does not disclose that either the complaining witness or any policeman accused the defendant of robbery or apprised him of the reason for his arrest while the complaining witness was present. There was no corroborating evidence of any kind, leaving the conviction to rest solely on the identification by Korenevich. On his own be-

half the defendant denied any knowledge of the crime and gave a reasonable account of his whereabouts at the time it was committed. His testimony accounted for a more or less idle day and no witnesses were offered in corroboration.

There are several errors assigned, but it will only be necessary to consider the rulings of the court in connection with the People's cross-examination of the defendant. Over repeated objections of counsel for the defendant the court permitted the assistant State's attorney to cross-examine the defendant about the details of his former conviction of grand larceny in 1927. On that cross-examination he was asked if at that time he was indicted for burglary, and he admitted it. He was asked if he was guilty of the burglary, and he admitted it. He was then asked, "But you plead guilty to grand larceny, didn't you?" He replied, "It amounted to the same thing; I don't understand." He was then asked, "It is a grand larceny charge, isn't it?" and replied, "I don't understand the terms of law." A colloquy then followed between the State's attorney and the witness, interspersed with objections from defendant's counsel as to whether grand larceny or burglary was the lesser charge, and was required by the court to answer if he knew, and replied that he did not know and did not understand. He was then asked if at the time he pleaded guilty he knew which was the lesser charge, and said that he did not; that all he knew was that he was guilty and pleaded guilty because he was. The prosecutor then started to ask a question concerning the money that was found in connection with the former burglary or larceny, and at this point the court finally halted the improper and prejudicial cross-examination. Later on in the cross-examination the prosecutor again returned to the same prejudicial subject. Referring to the defendant's arrest for the crime for which he was being tried, the prosecutor asked if that was the first time the defendant ever talked to a police officer. Over repeated objections, which were consistently overruled and

which cover nearly a page of the abstract, the prosecutor compelled the defendant to admit that at the time of his prior conviction he had been charged with crime, had been arrested by police officers and had talked with them.

Under the indictment against the defendant no detail of his previous crime was material, nor could any issue be made or tried on any such collateral issue. It was material and necessary that the fact of his former conviction of grand larceny be proved, but it was not only immaterial, but highly prejudicial, to go into any of the details of that crime. The cross-examination not only amounted to an attempt to try the defendant for two crimes at once, but was subtly calculated, and well designed, to convey the impression to the jury that on his previous indictment he had been let off rather easily. It was stipulated that the defendant had previously been convicted of grand larceny, and the only effort of the People to justify this cross-examination is based upon the familiar rule that a defendant cannot prevent proof of a fact by admitting it, and the only authority cited is *People* v. *Munday, 293* Ill. 191. The rule has been applied in many cases but is not at all applicable to this one. The People need not have accepted the stipulation but could have introduced the record of the former conviction had they seen fit. They could not, however, have introduced evidence of any of the details of that crime nor been permitted to prove that although the defendant was guilty of burglary he was, in fact, permitted to plead guilty to grand larceny, nor that he was arrested by and talked with police officers. This cross-examination was highly prejudicial to the defendant and requires a reversal of the judgment against him.

Since this case must be tried again it is necessary to point out that the rulings of the court and the constant interruptions and improper remarks of the prosecutor largely deprived the defendant of any possible benefit from a cross-examination of the complaining witness. The entire case

depended upon an identification made by one witness, and reasonable latitude should have been granted the defendant to test the means of observation and the accuracy of the memory of that witness. While considerable latitude and discretion are permitted to a trial judge in controlling the limits of cross-examination, yet so far as it relates to facts in issue or facts relevant to the issue it may be pursued as a matter of right. (*Spohr* v. *City of Chicago,* 206 Ill. 441.) A witness may be cross-examined as to his direct testimony—as to whatever goes to explain, modify or discredit what he has previously stated. (*Chicago City Railway Co.* v. *Creech,* 207 Ill. 400.) The record discloses that the witness Korenevich could not give a direct answer to many pertinent questions as to his reasons for identifying the defendant. When asked what was peculiar about the defendant's face, his answer was, "because that is the man." Beyond saying that the man who held him up had on dark clothes he was unable to satisfactorily answer any question, and from this point on the constant interruptions of the prosecutor prevented the asking and answering even of simple questions which should have been permitted without objection. Only seven questions were answered on the matter of identification, and of these seven three answers were, in substance, "because he hold me up." Two referred to the hold-up man as having dark clothes, and the other two were denials of any peculiarities of eyes, hair or face. Upon another trial there should be a greater latitude of cross-examination permitted, without unnecessary and improper interruptions.

The judgment of the criminal court of Cook county will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE WILSON, dissenting.