(No. 32968.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ECO JAMES COLI, Plaintiff in Error.

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JOSEPH WOSIK, all of Chicago, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After a trial by jury in the criminal court of Cook County the defendant, Eco James Coli, was found guilty of armed robbery, and was sentenced to the penitentiary for a term not less than eight years nor more than twelve. He seeks review by writ of error, contending that the evidence of identification is insufficient and that prejudicial remarks of the trial judge deprived him of a fair trial.

The record discloses that on June 7, 1950, at about 7:00 A.M. three men robbed the Olympia Fields Country Club of twelve slot machines. One of the men, armed with a revolver, herded the custodian and about a dozen other persons present on the premises into the women's locker room in the clubhouse, where they were compelled

to remain for about an hour. While his companions removed the slot machines, the man with the gun paced back and forth across the entrance to the locker room.

At the trial on October 15, 1952, three of the persons present identified the defendant as the one who thus held them captive. William Stout, the custodian, and Ella M. Eck, a member of the club present at the time, testified they did not call the police or give any description of the man until January, 1951, when they went to the police station and were told that they were to view the defendant. Each then identified defendant, who was shown to them alone, as the person who committed the offense. John W. Bishop, a member of the club and a practicing attorney, testified that the first time he saw defendant after the date of the robbery was a few days prior to the trial, when he observed him in the hall outside the courtroom. He further testified that the man "had a peculiar way of walking—a springy step," and that when he saw defendant in the hall the latter "still had a spring in his step." Each of the three witnesses testified they were in the presence of the man with the revolver for about an hour on the date of the offense, and at the trial each identified defendant as that man. Defendant testified that early on the morning of June 7 he was with the woman who since became his wife, and the latter testified that at the time of the offense she was with defendant in a downtown coffee shop.

Defendant insists that the circumstances of the identifications render them unreliable and insufficient to satisfy the rule requiring proof beyond a reasonable doubt. It is argued that the failure of the witnesses to give any description prior to the time they later saw defendant (in the case of witnesses Stout and Eck eight months after the offense, and in the case of Bishop two years thereafter) makes the identifications unworthy of belief, especially since defendant was viewed alone and not picked out by the witnesses from among a number of other persons. We think,

however, that the contention must fail. While the lapse of time may affect the weight to be given the identification, it does not have the controlling effect urged by defendant. Nor does the fact that defendant was not placed among a group of persons in being presented to the witnesses fatally weaken the identification. The weight to be given positive testimony identifying the accused is a question for the jury. (*People* v. *Barad,* 362 Ill. 584.) The testimony in the case at bar is sufficient to support the verdict.

Defendant next urges that the trial judge unduly limited cross-examination of the identifying witnesses, and made prejudicial remarks which require a reversal. It appears that numerous objections to questions by defendant's counsel on such cross-examination were sustained. It further appears that when defendant was asked by his counsel to walk by the jury—so it could observe whether he walked with a springy step as testified by the witness Bishop—the court said: "Sit down, we have had enough of these demoonstrations." We think that under the circumstances of this case defendant is entitled to a new trial. In a criminal case the judge should exercise great care to avoid making any comment likely to lead the jury to infer that his opinion is in favor of or against the defendant. Where the principal issue concerns an identification of the defendant, his counsel should be given wide latitude in testing its accuracy by cross-examination, and there should be no remarks by the court which are likely to influence the jury in weighing the testimony. While cross-examination must always be held within reasonable and proper limits, an accused has the right to question identifying witnesses concerning any matter that goes to explain, modify, or discredit what they stated on their direct examination. *People* v. *Pelletri,* 323 Ill. 176.

For the error discussed the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*