**Anna Marr, Plaintiff-Appellee, v. Lesley Marr, Defendant-Appellant.**

**Gen. No. 63–M–11.**

Fourth District.

September 3, 1963.

Lesley Marr, pro se, of Joliet, appellant.

Edward D. Groshong, of Alton, for appellee.

HOFFMAN, JUSTICE.

This suit was brought by plaintiff to obtain a divorce from the defendant upon the ground of desertion. The case was heard by the court, sitting without a jury, the plaintiff being represented by counsel, the defendant appearing pro se. The court found for the plaintiff and entered a decree of divorce from which the defendant now appeals.

In his pleadings, and at the trial, the defendant denied the allegations of desertion and made two affirmative defenses, one charging the plaintiff with desertion and the other alleging that the plaintiff was guilty of adultery. Defendant argues that he was not

guilty of desertion, but that plaintiff's conduct made his family life so impossible that he was forced to take the minor children and set up another domicile.

Defendant again appears pro se in this court and sets forth several grounds upon which he feels that the decree entered below should be reversed. We only need consider one point, namely: that the defendant was deprived of his right to a fair trial by the court's ruling denying him the right to produce witnesses on his behalf.

It appears from the record that a principal witness in this case was one Paul Smitty Roberts who, the defendant alleged, was the person who broke up his home and was living with his wife. Roberts was called as a witness by the defendant and after a few preliminary questions was ordered from the stand by the court and sentenced to 5 days in jail because of his drunken condition. The next day the defendant requested that Roberts be called from the jail and allowed to testify but this request was summarily denied by the court and the defendant was precluded from examining the witness.

The defendant then requested to call four of his children, three of whom were adults. Here again the court refused to permit these proffered witnesses from testifying stating as follows:

> "These children are both the children of you and your wife, and in this case it would not be helpful to the court to have the testimony of the children in your favor or in the favor of your wife. The court will decide this case upon the evidence presented here at this time, and the testimony that you yourself may give hereafter."

■■ A review of the record itself in this case indicates that the plaintiff for many years had carried on a most sordid and adulterous relationship with

men and that the witnesses offered by the defendant were most important to defendant's case. It is basic in our law that a litigant should be permitted to produce witnesses in his own behalf, and that the trier of the facts hear those witnesses. Any evidence which fairly tends to prove an issue should be heard. While the court, in its supervision of the trial, may, in its discretion, limit the number of witnesses to prove a fact which is not controverted or merely collateral, the court should be most hesitant about placing a restriction upon witnesses who are produced to testify concerning a main, controlling or controverted fact. (See ILP Trial, sec 49.)

If the court in this case had any reason for refusing to hear appellant's witnesses, it is, unfortunately, not called to our attention, for the appellee has not seen fit to support the court's order by any appearance here. Although the appellant made no offer of proof or attempted to show the court what the proffered testimony would prove, it is apparent from the record that the court's attitude towards appellant's witnesses would have prevented such offer. In such case, no formal offer is necessary to preserve the point on review. Giddings v. Williams, 336 Ill 482, 168 NE 514.

On the state of the record before us, we must hold that the refusal to let appellant's children and his witness, Roberts, testify constituted a denial to appellant of his right to a fair trial, and the decree appealed from must be reversed on this ground alone.

Decree reversed and cause remanded for new trial.

Reversed and remanded.

CULBERTSON, PJ and SCHEINEMAN, J, concur.