(No. 37183.—

The People of the State of Illinois, Defendant in Error, *vs.* Arnold Struck, Plaintiff in Error.

*Opinion filed November 26, 1963.*

Charles M. May, of Waukegan, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Bruno W. Stanczak, State's Attorney, of Waukegan, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Jack Hoogasian, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant, Arnold Struck, was indicted in the circuit court of Lake County for the crimes of rape and burglary with the intent to commit rape. He pleaded not guilty

to both indictments. During the jury trial the court directed a verdict in his favor on the charge of rape and the jury found him guilty of the crime of burglary with intent to commit rape. He was sentenced to the State Penitentiary for 20 to 35 years imprisonment. He prosecutes this writ of error from that judgment. It is defendant's contention that the restrictions by the court of his cross-examination of a witness concerning identification of him by the prosecutrix was in error and that the action of the State in securing an adjournment "to instruct and rehabilitate" the complaining witness during her direct examination denied the defendant a fair trial.

The State has heretofore filed a motion to strike the bill of exceptions and to affirm the conviction, which motion we ordered taken with the case. The motion was based upon the fact that the defendant was convicted on October 16, 1959, and therefore the 100-day period within which to file the bill of exceptions had expired prior to the first application for extension of time which was filed on August 11, 1960. The State, therefore, argues that subsequent extensions of time were void. (Supreme Court Rule 65, Ill. Rev. Stat. 1961, chap. 110, par. 101.65.) Upon the authority of the decision of the United States Supreme Court in *Shockey* v. *Illinois,* 375 U.S. 22, 11 L. ed. 2d 43, 84 S. Ct. 83, *Douglas* v. *California,* 372 U.S. 353, 9 L. ed. 2d 811, we must deny the motion of the State and consider the entire record before us.

The record indicates that one Mary Anderson, an 82-year-old widow, complained that on the night of July 8, 1959, in the early morning, the defendant entered her house by ripping a screen and climbing in a window into the dining room. He grabbed her and held her down on the floor, after which he took her into the bedroom, put her on the bed, had intercourse with her, and then left. The defendant denied having entered the home of Mary Anderson and denied having any sexual intercourse with her, stating that he was with

Blossom Scott at the time the crime was said to have been committed and produced Blossom Scott to verify his alibi.

At the trial the prosecuting witness, Mary Anderson, described the defendant as having golden hair; but stated that when she first saw the defendant in the Zion police station, she had said that she "couldn't say for sure it was him." When she returned to the police station the second time about two days later, she did identify him, and at the trial she stated the defendant, Struck, was the man who broke into her home.

Officer Lloyd DeTienne testified on direct examination as to the circumstances surrounding the defendant's arrest and interrogation, and to the extent he was present when defendant was taken to the Anderson residence where he admitted that he had tried to rape the prosecuting witness. On cross-examination the defendant's attorney asked the police officer whether Mrs. Anderson was previously asked to identify the defendant, whereupon the witness answered, "Yes, she was." The attorney then asked, "Did she say that she didn't know Mr. Struck; she couldn't identify him?", whereupon an objection by the State was sustained. The defendant's attorney then asked the officer, "Was the question asked of Mrs. Anderson, have you ever seen him before; and was her answer no?", whereupon the objection by the State that the question was not within the scope of direct examination was sustained.

The defendant contends that the refusal of the trial court to allow him to proceed with the above line of questioning was in error, arguing that the question of identification was a principal issue and wide latitude should be given for examination testing the accuracy of the identification.

We agree that when identification is in issue the defendant should be given considerable latitude on cross-examination of the identifying witness to test the identification, the means of observation, and the memory of the witness. (*People* v. *Del Prete,* 364 Ill. 376; *People* v. *Coli,* 2 Ill.2d 186.)

A careful examination of the testimony of officer DeTienne fails to reveal any testimony with regard to the identification of the defendant by the prosecuting witness. The police officer was not called by the State to provide identification of the defendant as the assailant. In the cross-examination of the officer, questions asked of Mrs. Anderson and answers given by her previously were interjected as an apparent attempt to impeach the prosecuting witness, although in her own testimony she admitted her failure to identify the defendant at their first confrontation after the incident in question. We are of the opinion that this was not the proper manner in which to impeach Mrs. Anderson's testimony, nor was cross-examination of the officer the proper vehicle for doing so.

The case of *People* v. *Coli*, 2 Ill.2d 186, cited by the defendant in support of his contention, involved the question of the limitations of cross-examination of the identifying witness, which is not the case here. Officer Lloyd DeTienne was not being questioned about any identification made by him, but rather of the identification made by a third party upon which he had not testified on direct examination. We find no error in the trial court's restriction of cross-examination of this witness.

The defendant also contends that the court erred in permitting the State a recess during the direct examination of the prosecutrix arguing that the State used the recess as an opportunity to instruct and rehabilitate the complaining witness. An examination of the record indicates that the State was having a great deal of difficulty in its examination of the prosecutrix as a result of her age. The prosecutrix was an 82-year-old woman, slightly hard of hearing, and to whom this proceeding was not only a strain but was very confusing.

As to the State requesting a short adjournment, the following conversation was held between the court and the attorneys for the parties hereto:

"Mr. Eugene T. Daly: May we have a short adjournment, Your Honor?

The Court: Yes, you may.

Mr. Eugene T. Daly: Will you step down, Mrs. Anderson.

The Court: We will take a few minutes recess.

Mr. Frank M. Daly: I object at this time to the State taking this witness off the witness stand to talk to her about what they may ask her next. I don't think that is proper. She is on the witness stand now, and there has been nothing to show that she is not able or qualified to answer questions, and if the State now wants to adjourn this court to discuss the matter with her I object to it. I do not believe it is proper.

The Court: I have merely given the State five minutes adjournment or recess. I cannot assume what will happen. I cannot assume what you say will or will not happen.

Mr. Frank M. Daly: Well, will you admonish the State's Attorney not to talk to this witness.

The Court: I will not instruct the State's Attorney. This winess says that she is 82 years of age. Can you hear well?

Mary Anderson: I can hear fairly good.

The Court: Fairly good.

Mr. Eugene T. Daly: Your Honor, I believe I could talk to the witness in open court or Mr. Daly can sit alongside of me if he wants to. I don't think that—

The Court: Very well, he may accept that if he wishes; he doesn't have to.

Mr. Eugene T. Daly: Will you step down, please.

The Court: He may accept that offer, if you care to accept that offer Mr. Daly. You may accompany the witness and the prosecutors, both of them, wherever they're going, I don't know.

Mr. Eugene T. Daly: We will go right here, Your Honor."

The defendant was given the opportunity to be pres-

sent at all times during the recess with both the State and the prosecuting witness and then was allowed a comprehensive and searching cross-examination with regard to any conversation that transpired during the recess, thereby not only adequately protecting his rights but serving to his advantage in pointing out to the jury that such a discussion was held. The defendant cannot now be heard to complain because his attorney refused to attend the conference he alleges transpired after being afforded the opportunity. The record shows that upon returning to the stand the witness stated she knew the meaning of the word "intercourse" but after a thorough cross-examination could not define the word. The defendant moved for a verdict in his favor on the question of rape and the same was granted. We cannot find that there was an error by the trial court in granting such a recess, as the defendant was given a full and comprehensive opportunity to protect his rights, and we are of the opinion that the granting of the recess did not act to deprive the defendant of a fair trial. We find that there is no error and the judgment of the circuit court of Lake County is affirmed.