**People of the State of Illinois, Plaintiff-Appellee,
v. Norris Peters, Defendant-Appellant.**

**Gen. No. 65–92.**

Third District.

March 13, 1967.

·N. L. McGehee, of Silvis, for appellant.

Richard Stengel, State's Attorney, of Rock Island, for appellee.

ALLOY, J.

Norris Peters was convicted of Armed Robbery in a jury trial held in the Circuit Court of Rock Island County. He was sentenced to a term of not less than five years nor more than twelve years in the State Penitentiary. There was evidence presented on trial of this cause to the effect that defendant, on March 22, 1965, together with another man who was never identified or tried, entered a certain building in Rock Island, Illinois, at about 6:00 p. m. and committed an armed robbery in the office of Merchants Credit Association. The evidence indicated that defendant held a pistol in his hand at the time. He was observed and identified by employees who were compelled to remove certain moneys from a safe located on the premises amounting to $209.78 which was taken in the robbery. Two days later, a deputy sheriff, following a call, investigated a certain 1957 Oldsmobile automobile in Silvis, Illinois, which was being driven by defendant without lights. The defendant had no driver's license with him and he was taken by the deputy to the Silvis Police Department. While defendant was in the Police Department he asked to go into the washroom, and because he had picked up the heavier of two coats which he had in the car and acted in a suspicious manner, the policeman searched him and found a pistol together with ammunition on his person. During the course of the trial the pistol and ammunition found on the person of the defendant were introduced in evidence.

On appeal in this court, defendant contends that the admission into evidence of the .38 caliber revolver and the 12 rounds of ammunition found upon him two days after the robbery, when such weapons were not definitely connected to the crime, constitutes reversible error; that the court made prejudicial remarks to the jury; and that the court also erred in refusing an instruction tendered by the defendant.

460

From the record in this cause, it appears that the defendant was found two days following the robbery with a weapon which was identified by two witnesses as being similar to the weapon which was used in the robbery. As we have indicated, defendant was also directly identified by witnesses as having participated in the robbery. In People v. Jones, 22 Ill2d 592, 177 NE2d 112, a revolver was found in an automobile in which that defendant was riding eight days after a murder. The weapon was admitted in evidence. In that case the automobile was originally searched following a traffic arrest and after a gun was found a witness stated that the gun looked like the one used in the shooting. The Supreme Court concluded that the gun was sufficiently connected up with the crime to be admissible and relevant. In People v. Ashley, 18 Ill2d 272, 164 NE2d 70, the defendant had been arrested six days following the offense. In that case the weapon which was introduced in evidence was not on the person of the defendant. The testimony indicated that at the time of the offense, the defendant used a silver-plated gun. A ballistics expert testified that the bullet taken from the victim's body came from the same gun introduced at the trial, even though there was no showing that defendant owned or had the weapon in his possession. The Supreme Court concluded that where it was shown that defendant possessed a weapon which could have been used in the commission of the crime, that weapon could be admitted into evidence. Under the evidence in the record before us the admission of the revolver and the ammunition was proper and would not constitute reversible error.

In the course of the examination of one of the witnesses, in referring to the gun which had been introduced in evidence, a witness who was one of the holdup victims was asked if she recognized the gun tendered in court as being the one used in the robbery or one similar to it. She stated that it didn't seem as wide as it did

461

that night and then asked if she could push down the shell chamber. She stated that on the night of the robbery it seemed that it stood out because of the chamber. The court then asked her: "It looked pretty big to you as it was pointed at you?" The witness then said that it did and then the witness, after being questioned further by counsel, stated that as far as she could tell from looking at the gun in court, it was the same gun she saw on the night of the robbery.

■ ■ On appeal in this court, the defendant contends that the question from the trial judge: "It looked pretty big to you as it was pointed at you?" was prejudicial and constituted reversible error. While it is true as the Supreme Court has stated in People v. Coli, 2 Ill2d 186, 117 NE2d 777, at 779, that a judge should exercise great care to avoid making any comment likely to lead the jury to believe that his opinion is in favor of or against the defendant, we do not believe that the record in this cause is susceptible of any such interpretation. In the Coli case it was obvious that the judge implied an opinion to the jury as to defendant's guilt. In the case before us the court was simply asking a question of the witness and first asked the witness whether she said as to the gun: "Did you say whiter or wider?" The court was apparently attempting to clarify just what the difference was that the witness referred to. The judge then used the language "pretty big" as an alternative to the expression "wide" in form of a question and was apparently trying to clarify an ambiguity. As a result of the exchange, the ambiguity was not explained away, but following further testimony elicited by the State's Attorney, the witness identified the weapon as being similar to the one actually used. No objection or motion to strike was made at the time. It is obvious that the commentary of the judge standing alone, under the circumstances in this case, could hardly

warrant a reversal (Featherstone v. People, 194 Ill 325, 62 NE 684). It was apparent that the trial court was acting within the scope of its discretion and did not intend the question to be interpreted as a comment upon the evidence. We find no reversible error in such questioning by the court.

■ Defendant also argues in this court that the trial court erred in refusing an instruction tendered by defendant which advised the jury that if they could reconcile the evidence in this case with any other reasonable theory or hypothesis than that of this defendant's guilt, it was the jury's duty to acquit the defendant. Defendant contends that on the basis of Larrance v. People, 222 Ill 155, 78 NE 50, such instruction should have been given. In that case, defendant and decedent each drew a revolver and the evidence was conflicting as to whether or not the defendant acted in self-defense. The only defense offered was reasonable doubt and the case leaves uncertain whether or not there were other instructions as to reasonable doubt. In the case before us, it is notable that the instruction was merely one concerning reasonable doubt. The defense offered in the cause now under consideration was a defense of alibi and the jury was more than adequately instructed concerning such defense. The jury was also clearly instructed on the State's burden of proof beyond a reasonable doubt. Since the jury was adequately instructed as to the material requirements of the State's case and as to defenses made by defendant, the further instruction tendered by defendant on reasonable doubt was not required since it would simply be repetitious (People v. Moretti, 6 Ill2d 494, 129 NE2d 709; People v. Lyons, 4 Ill2d 396, 122 NE2d 809). In People v. Lyons, supra, the court clearly indicated that a defendant has no right to have the applicable rules of law repeated in various forms by different instructions and that it was not error

to refuse to give such cumulative instructions. We, therefore, conclude that there was no reversible error in the refusal of such instruction.

Since we find no reversible error in this cause, the judgment of the trial court will be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.