The City of Joliet, Plaintiff-Appellant, *v.* Patrick Jackson, Defendant-Appellee.

(No. 71-151;

Third District—April 10, 1972.

James M. P. D'Amico, Corporation Counsel, of Joliet, (Thomas M. Monahan, Assistant Corporation Counsel, of counsel,) for appellant.

Patrick Jackson, *pro se.*

Mr. JUSTICE SCOTT delivered the opinion of the court:

Patrick Jackson, the defendant, was arrested for the violation of a municipal ordinance of the City of Joliet relating to the obstruction of a public sidewalk.

The defendant, appearing *pro se,* pleaded not guilty to the charge and a bench trial was conducted by the circuit court in Will County. The city presented evidence, then rested its case, after which the defendant elected to take the witness stand for the purpose of testifying in his own behalf. He testified that he was one of a large group of individuals who were mingling together on a sidewalk in front of the Joliet Public

Library on the day of his arrest. He further admitted that prior to arrest the group on two occasions had been ordered by a police officer to disperse. During cross-examination of the defendant the city attempted to elicit from him certain testimony regarding a series of prior convictions for disorderly conduct. The trial court disputed the relevancy of such testimony, refused to hear the same and dismissed the charge against the defendant.

In this appeal the city makes it abundantly clear that it does not question the right of the court to disallow certain testimony or other evidence; nor does the city dispute the right of the trial court to direct a verdict or to make findings upon its own motion. However, the city does contend that the trial court in the instant case abused its discretion in entering a finding of not guilty while the defendant was in the process of being cross-examined.

■■ It is a fundamental concept of due process which is guaranteed by our State and Federal constitutions that the right of cross-examination should not be arbitrarily denied by any court. (See *People v. Bicek,* 405 Ill. 510, 91 N.E.2d 588; *People v. Del Prete,* 364 Ill. 376, 4 N.E.2d 484.) In *Del Prete* our Supreme Court stated:

> "While considerable latitude and discretion are permitted to a trial judge in controlling the limits of cross examination, yet, so far as it relates to facts in issue or facts relevant to the issue, it may be pursued as a matter of right."

In the instant case it is not incumbent upon us nor is it possible for us to determine whether the testimony which would have been adduced by the city on cross examination of the defendant was relevant or irrelevant, since the preemptory ruling of the court whereby the defendant was found not guilty had the effect of precluding testimony which could be the subject of such a determination.

The record discloses that the trial court must have obviously believed that the city had made a *prima facie* case against the defendant, since it did not dismiss the charge against him at the close of the city's case in chief, but instead it was the court that asked the defendant if he cared to take the witness stand. We are not unwarranted in presuming that the court was giving to the defendant, who was representing himself *pro se,* an opportunity to refute the *prima facie* case which had been made against him by the city. Such being the situation, proper judicial procedure requires the trial court to refrain from making a dispositive ruling, the effect of which was to deny the city its constitutional right to cross examination.

The action of the trial court most certainly denied the city the opportunity to make an offer of proof. That such an offer was not made by the

city is immaterial, since it is apparent from the attitude of the trial court that such an offer would have been to no avail. In such cases no formal offer is necessary to preserve the point on review. See *Marr v. Marr*, 43 Ill.App.2d 25, 192 N.E.2d 559; *Giddings v. Williams*, 336 Ill. 482, 168 N.E. 514.

If the trial court had any reason for refusing to permit the city to continue with its cross-examination of the defendant it is unfortunately not called to our attention, for the defendant has not seen fit to support the judgment of the trial court by any appearance in this appeal.

We can only conclude that a reversible error was committed and therefore the judgment entered by the circuit court of Will County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.